FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 12 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERVIN B. ROGERS,

                Plaintiff,

    -against-

NEW YORK CITY POLICE DEPARTMENT;
NEW YORK DISTRICT ATTORNEYS
OFFICE; and
JOHN DOE, Shield #1275, 67th Precinct,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**

12 CV 3042 (CBA)(MG)

AMON, United States Chief District Judge:

Plaintiff Ervin B. Rogers, then detained at Rikers Island, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 13, 2012. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The New York City Police Department ("N.Y.P.D."), and the District Attorney's Office[1] are dismissed as defendants. Plaintiff's claims against the officer identified as defendant John Doe, Shield #1275, may proceed.

## BACKGROUND

Plaintiff alleges that he was in his apartment at 1605 Nostrand Avenue on May 31, 2012, when he called 9-1-1 and asked to have a "guest" removed from his apartment. (Complaint at 3.)[2] He states that he began to experience chest pains and took a nitroglycerin pill. (Id.) The police called EMTs, who placed plaintiff in an ambulance. (Id.) Plaintiff states that he began to feel

---

[1] Although plaintiff names the "New York District Attorneys Office," he gives the address for the Kings County District Attorney, located in Brooklyn. As the incidents are alleged to have occurred in Brooklyn, the Court surmises that plaintiff means to name the Kings County District Attorney and not the New York County District Attorney located in Manhattan.

[2] As the pages are not consecutively paginated, the Court refers to the pages assigned by the Electronic Case Filing system.

better, so he left the ambulance and returned to his apartment. (Id.) Shortly thereafter, he left the building, and as he was walking back to his apartment, he was approached by a police vehicle. (Id. at 3, 4) According to plaintiff, the officer, identified as Shield # 1275, asked plaintiff to come to his car, and plaintiff refused. (Id.) The officer then exited his vehicle and told plaintiff to turn around and place his hands on a gate. (Id. at 4.) When plaintiff questioned the officer's instructions, the officer put him in a head lock, while another officer hit him in the head. (Id.) Plaintiff claims that he then passed out. (Id.). After he regained consciousness, plaintiff was handcuffed and taken to the police station. (Id.) Plaintiff claims that Officer # 1275 held his cuffed hands in an uncomfortable position. (Id.). Plaintiff also alleges that he informed the officers that he suffered from congestive heart failure, but they ignored his repeated requests for medical attention. (Id. at 4-5.) Plaintiff alleges that he passed out a second time and awoke in a cell. (Id. at 5). Shortly thereafter, plaintiff was taken to Kings County Hospital Center, where he was examined for his chest pains, but "not the injurise [sic] I suffered at the hand of Officer #1275." (Id.)

Although it is not entirely clear, plaintiff appears to allege that the Brooklyn District Attorney's Office maliciously prosecuted him by holding him on a charge of resisting arrest for seven extra days after dismissing underlying charges. (Id.) Plaintiff wants to "clear my name" and seeks "compensatory and punitive damages for the beating I took at the hands of N.Y.P.D. office[r] # 1275." (Id. at 7)

## DISCUSSION

### A. Standard of Review

Title 28 of the United States Code, § 1915A requires this Court to review the complaint

2

in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).[3] Similarly, pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); DiPetto v. U.S. Postal Serv., 383 F. App'x 102, 103 (2d Cir. 2010). The court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest, Abbas, 480 F.3d at 639. If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court should grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d

---

[3] Although plaintiff has been released from custody, he was incarcerated at the time he filed his complaint and so is considered a "prisoner" under Section 1915A. See Gibson v. Comm'r of Mental Health, No. 04-cv-4350 (SAS), 2006 WL 1234971, *3 (S.D.N.Y. May 8, 2006) ("[C]ourts have determined that the PLRA does apply to a prisoner who filed suit during his confinement and thereafter was released from prison.").

3

Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

**B. Claims against the N.Y.P.D. and the District Attorney's Office**

The N.Y.P.D. and the Kings County District Attorney's Office are not themselves suable entities. The police department is an agency of New York City, and the New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). A district attorney's office also is not a separate legal entity capable of being sued pursuant to § 1983. See Southerland v. Garcia, No. 09-cv-2230 (JBW) (LB), 2010 WL 1849286, at *1 (E.D.N.Y. May 5, 2010); Conte v. County of Nassau, No. 06-CV-4746, 2008 WL 905879, at *1 n.2 (E.D.N.Y. Mar. 31, 2008); Hall v. Marshall, 479 F. Supp. 2d 304, 314 (E.D.N.Y. 2007). Accordingly, the N.Y.P.D. and the District Attorney's Office are both dismissed as defendants.

Even construing plaintiff's claims against the N.Y.P.D. and Kings County D.A.'s office as claims against the City of New York, plaintiff still fails to state a claim. Municipalities such as the City of New York can be liable under 42 U.S.C. § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Walker v. City of New York, No. 07-cv-1543 (JG), 2007 WL 1340252, at *2 (E.D.N.Y. May 4, 2007) ("A plaintiff is required to allege both the existence of a policy or custom and a causal connection between that policy and the unconstitutional conduct"). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal

4

policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985); Hartnagel v. City of New York, No. 10-cv-5637 (TLM), 2012 WL 1514769, at *4 (E.D.N.Y. Apr. 30, 2012).

Plaintiff does not allege a valid Monell claim against the City. With respect to plaintiff's claim for excessive force, plaintiff has not alleged that his arrest or the officer's treatment of him resulted from a policy or custom attributable to the City. Similarly, regarding the claim for malicious prosecution, plaintiff has not alleged that the District Attorney's decision to charge plaintiff with resisting arrest and to hold plaintiff in custody for an additional week related to this charge was the result of a municipal policy. The isolated incidents described in the complaint are not sufficient to support an inference that any individual acted pursuant to a municipal policy or custom. See Walker v. City of New York, No. 07-cv-1543 (JG), 2007 WL 1340252, at *2 (E.D.N.Y. May 4, 2007) (dismissing complaint against City of New York where "even liberally construing plaintiff's claim, nothing suggest[ed] that the alleged constitutional violations were attributable to any municipal policy or custom").

Accordingly, the N.Y.P.D. and Kings County District Attorney's Office are both dismissed as defendants, with no substitution of the City of New York or another municipal defendant. Plaintiff also may not name an individual prosecutor from the District Attorney's Office as a substitute defendant. Prosecutors are entitled to absolute prosecutorial immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process,'" including the decision whether or not to commence or maintain a prosecution. Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

**C. Identifying the John Doe Defendant**

Plaintiff has provided the badge number and precinct assignment of the John Doe police

officer whom he alleges used excessive force during his arrest on May 31, 2012. In <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. <u>See</u> <u>Walker</u>, 2007 WL 1340252, at *2. Accordingly, the Court hereby requests the Corporation Counsel for the City of New York, within 45 days of the date of this Order, to ascertain the full name of the individual whom plaintiff has partially identified as John Doe, Shield # 1275, of the 67th Precinct, and to provide the address where this defendant can currently be served. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name of this officer, a summons shall be issued, and the Court shall direct service on the defendant.

## CONCLUSION

For the reasons set forth above, all of the claims against the N.Y.P.D. and the Kings County District Attorney's Office are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against these agencies. The Clerk of Court is directed to amend the caption to reflect the dismissal of those defendants.

Plaintiff's claims shall proceed against the remaining individual John Doe defendant. The Clerk of Court is respectfully directed to mail a copy of this Order and the Complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the John Doe defendant, the Clerk is directed to amend the caption of the Complaint to reflect that information and to issue a summons. The United States Marshals Service is directed to serve a copy of the Complaint as amended by the Clerk, this Order, and the summons on the defendant. The Court refers this matter to Magistrate Judge Marilyn Go for pretrial supervision.

6

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                S/Chief Judge Amon
                                                CAROL BAGLEY AMON
                                                United States District Judge

Dated: Brooklyn, New York
        October 12, 2012